Submitted on record and briefs August 6, reversed and remanded
September 15, 2004

STATE OF OREGON,
*Respondent,*

*v.*

DIANA HERNANDEZ,
*Appellant.*

02-CF-020; A119655

97 P3d 674

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals her conviction for possession of a controlled substance, arguing that the trial court erred in denying her motion to suppress evidence found in the pocket of her coat after she was arrested. The state concedes that the trial court erred in failing to suppress the evidence. As explained below, we accept the state's concession, and therefore reverse and remand.

Defendant was arrested by an officer based on an outstanding warrant. The officer intended to take her to the police station and issue a citation. Before transporting defendant to the police station, the officer performed what he described as a "full intrusive search" of defendant, during which he discovered drugs in defendant's coat pocket. The officer testified that he performs such searches "every time" he makes an arrest. Nothing in the officer's testimony indicates that he performed the search for officer safety purposes. *See State v. Bates*, 304 Or 519, 524, 747 P2d 991 (1987) (officer safety search must be "based upon specific and articulable facts, that the [person] might pose an immediate threat of serious physical injury to the officer or to others then present"). The trial court denied defendant's motion to suppress on the ground that the search "was in fact a search of the jacket for items which could be used against the officer or for officer safety purposes." Defendant and the state both agree that that finding is not supported by the record. We also agree.

Reversed and remanded.